UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOHN W. CUMING, Individually and as Beneficiary of JOHN W. CUMING IRA and Trustee of CUMING FAMILY GST NON-EXEMPT TRUST, and the WILLIAM R. AND RUTH D. CUMING CHARITABLE FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY T. RONEY, BOSTON LIGHT ADVISORS, LLC, and CAISSON BREAKWATER GLOBAL OPPORTUNITY FUND, LP,<br><br>Defendants. | Civil No. 23-12186-LTS |

ORDER ON PENDING MOTIONS (DOC. NOS. 14, 18)

January 26, 2024

SOROKIN, J.

Plaintiffs John W. Cuming, Individually and as Beneficiary of John W. Cuming IRA and Trustee of the Cuming Family GST Non-Exempt Trust, and the William R. and Ruth D. Cuming Charitable Foundation ("Plaintiffs") sued Defendants Jeffrey T. Roney, Boston Light Advisors, LLC, and Caisson Breakwater Global Opportunity Fund, LP, ("Defendants") in state court asserting various Massachusetts statutory and common law claims.[1] Doc. No. 1-1. Defendants removed the action to federal court based on diversity jurisdiction. Doc. No. 1. Defendants then

---

[1] The Court recognizes that there are also Reach-and-Apply Defendants in this action: Castle Shield Holdings, LLC, Castle Shield Investments, LLC, Lumpkin's of VA, LLC, Ballinger Creek Farm, LLC, and Maxwell Thatcher Capital, LLC. Doc. No. 1 at 1.

promptly filed a Motion to Dismiss and to Compel Arbitration or, In the Alternative, to Stay This Action. Doc. No. 14. Plaintiffs responded with a Motion for Preliminary Injunction. Doc. No. 18. After a period during which the parties attempted to resolve the matter, each side opposed the other's motion, and the Court heard argument on the issues at a hearing on January 3, 2024. See Doc. Nos. 29, 31, 46.

By that point, certain matters were agreed upon by the parties, including: (1) that the dispute is governed by a valid agreement to arbitrate, and (2) the Court's authority to provide injunctive relief extends only so far as to issue an interim injunction until an arbitrator can resolve any request for injunctive relief. Doc. No. 44; see Next Step Med. Co., Inc. v. Johnson & Johnson, Int'l, 619 F.3d 67, 70 (1st Cir. 2010) ("[E]ven where preliminary relief is for the arbitrator, a district court retains power to grant an *interim* preliminary injunction, where otherwise justified . . . for the period between the time the district court orders arbitration and the time the arbitrator is set up and able to offer interim relief itself."). Within this context, Plaintiffs, at the hearing on January 3, 2024, pressed a narrowed and focused request for an order: (1) requiring Defendants to provide an accounting for all transactions of the investment fund with supporting documentation; (2) requiring Defendants to distribute the assets of the investment fund to the shareholders; and (3) prohibiting Defendants from transferring, encumbering, or dissipating the assets of the investment fund. Doc. No. 46. After the hearing, the parties participated in a prompt mediation. See Doc. No. 59. It failed to resolve the case, and neither party updated the Court as to whether it assisted the parties in narrowing their dispute—another purpose of the mediation. Doc. No. 60.

Accordingly, the Court turns to the only disputed matter remaining for resolution: the request for injunctive relief. Doc. No. 18. The Court evaluates this request by applying the

familiar four-part test governing injunctive relief. See Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009) (stating four-part test for preliminary injunction). The Court is also mindful that the Court's order should preserve the circumstances for the arbitrator to resolve the underlying dispute and should not unnecessarily resolve the underlying dispute. Id. After review of the record before the Court, the Court finds that Plaintiffs have met their burden to demonstrate a likelihood of success as to the first two items of relief they seek.

As a shareholder of the investment fund (indeed, the largest shareholder, owning approximately 70% of the investment fund, Doc. No. 38 at 5), Plaintiff Cuming is entitled to an accounting, as well as his proportionate share of the assets. Defendants have not meaningfully contested either of these requests. Defendants have identified no countervailing considerations on these two points, except that they cannot spin out the investment fund's assets until certain permissions are obtained. Doc. No. 31 at 11-13; Doc. No. 46. Given the opaqueness of the transactions, the apparent resistance for a period of time to providing the accounting information, and the unexplained delay of months in commencing the asset spin-out process, the Court finds the irreparable-harm prong satisfied because of the Plaintiffs' inability to control, to pursue, and/or to protect the assets in question.

Regarding the final form of relief, the Court finds, under the circumstances, a modified restraining order appropriate to preserve the status quo, especially considering evidence that most of the investment fund's assets are invested in a company owned by Defendant Roney. See Doc. No. 19 ¶¶ 11-13; Doc. No. 38 at 5.

Accordingly, Defendants and their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with the Defendants, see Fed. R. Civ. P. 65(d)(2)(A)-(C), are hereby ORDERED: (1) to produce an accounting, with supporting

documentation, to Plaintiffs for all investment fund transactions from January 1, 2023, to the present; (2) to produce a listing of all investments of the fund as of the date of this Order, the dates and amounts of each such investment, and, for investments in other non-operating entities, the same information for each such entity that entity invested in; (3) to produce a listing of all liabilities of the fund as of the date of this Order; (4) to produce all documentation since June 1, 2023, regarding the spinning out of fund assets to the investors; and (5) to report to the arbitrator within thirty days of this Order that the assets of the fund have been spun out to the investors or show cause to the arbitrator by that date why that has not occurred. Compliance with Orders (1) to (4) shall occur within fourteen days of this Order.

In addition, Defendants and their officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with the Defendants are ENJOINED from encumbering, transferring, or dissipating any asset of the investment fund, except as provided for in this Order.

These Orders shall expire upon the earlier of (1) the arbitrator ruling on a motion for injunctive relief; or (2) the failure to file such a motion within sixty days of the commencement of the arbitration; or (3) 120 days from the date of this Order.

The Motion to Stay this Action Pending Arbitration (Doc. No. 14) and the Motion for a Preliminary Injunction (Doc. No. 18) are each ALLOWED to the extent described in the foregoing orders and are each otherwise DENIED.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                               United States District Judge